Littleton, Judge,
delivered the opinion of the court:
The question presented in this case is whether the plaintiff, being the holder and owner of a Fourth Liberty Loan 4)4% gold bond of the United States of the principal amount of $10,000 which was payable on and after April 15, 1934, and which contained a clause that the principal “is payable in United States gold coin of the present standard of value,” is entitled to recover from the United States an amount in legal tender currency in excess of the face amount of the bond. This question was one of the questions which this court on November 15, 1934,.certified to the Supreme Court upon the facts now before this court under the amended petition. The Supreme Court in Perry v. United States, 294 U. S. 330, answered the question in the negative. The opinion, of the Supreme Court and its answer to the questions certified require a judgment of this court dismissing the petition upon the facts and arguments presented under the amended petition filed by leave of of the court subsequent to the decision of the Supreme Court.
Plaintiff asks this court to find as an ultimate fact that he “has suffered damages from the defendant’s breach of contract in the sum of $16,931.25, with interest from May 24, 1934, which sum is now due and owing by the defendant to' petitioner and no part of which has been paid.” This requested finding is claimed to be justified by the Act of May 12, 1933, Title III, sec. 43 (b) (2) (48 Stat. 31, 52) as amended by the Gold Reserve Act of 1934, section 12, (48 Stat. 337) and the devaluation proclamation of the President of January 1, 1934. It is clear that this requested finding is not supported by the facts, the statutes, or the proclamation as construed and applied by the Supreme Court in Perry v. United States, supra. In that case the Supreme Court said:
*188 Plaintiff seeks to make his case solely upon the theory that by reason of the change in the weight of the dollar he; is entitled to one dollar and sixty-nine cents in the present currency for every dollar promised by the' bond, regardless of any actual loss he has suffered with respect to any transaction in which his dollars may be used. We think that position is untenable.
It is upon this basis that the claim is now presented to the court to recover $16,931.25 and it is not important, in view of the decision of the Supreme Court, whether the amount computed in the manner stated be claimed as- damages for breach of contract or as just compensation for the taking of property.
Plaintiff has presented no proof under the amended petition which would support a different cause of action from that which he alleged in the original petition. Inasmuch as all the facts now before this court, including facts of which the plaintiff asks the court to take judicial notice, were equally before the Supreme Court, as admitted by the demurrer, and were there considered and decided, it is the duty of this court to give effect to the decision of the Supreme Court as the law in the case.
Whatever was before the [Supreme] court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded. Sibbald v. United States, 12 Pet. 488, 492.
This duty exists no less where the Supreme Court in the exercise of its appellate jurisdiction answers certified questions than in cases involving the exercise of appellate jurisdiction on appeal by writ of certiorari.
Under the opinion and mandate of the Supreme Court, plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.