## BETHLEHEM STEEL CO. *v.* ZURICH GENERAL ACCIDENT & LIABILITY INS. CO.*

No. 590. Argued February 9, 10, 1939. Reargued April 27, 1939.—
Decided May 22, 1939.

---

* Together with No. 591, *Bethlehem Steel Co.* v. *Anglo-Continentale Treuhand, A. G., et al.,* also on writ of certiorari to the Supreme Court of New York.

*Mr. Frederick H. Wood,* with whom *Mr. Wm. D. Whitney* was on the briefs, on the reargument and on the original argument, for petitioner.

*Mr. Nathan L. Miller,* with whom *Messrs. W. W. Miller* and *Redmond F. Kernan, Jr.* were on the briefs, on the reargument and on the original argument, for respondent in No. 590.

*Mr. Harry Hoffman,* with whom *Mr. Clifford R. Schuman* was on the briefs, on the reargument and on the original argument, for respondents in No. 591.

By leave of Court, briefs of *amici curiae* were filed by *Solicitor General Jackson, Messrs. Paul A. Freund, Edward H. Foley, Jr., Bernard Bernstein, John W. Pehle,* and *Joseph B. Friedman,* on behalf of the United States, urging applicability of the Joint Resolution to the obligations involved; and by *Messrs. Arthur B. Weiss* and *Abraham L. Pomerantz,* urging affirmance in No. 590.

MR. JUSTICE BLACK delivered the opinion of the Court.

As did Nos. 384 and 495, this day decided, *ante,* p. 247, these cases involve efforts to enforce foreign currency provisions of bond obligations payable in money of the United States and optional fixed amounts of foreign currencies. The obligations are essentially similar to those in Nos. 384 and 495, but differ in two respects: (1) the bonds, originally sold in this country to a group of bankers,[1] were offered by that group not only in this country, but also abroad, and (2) the present holders are foreign corporations, some of whose bonds were bought in foreign countries. These distinctions do not remove

---

[1] Some bonds were originally issued to stockholders in No. 590.

foreign holders from the operation of the Joint Resolution of June 5, 1933.

Respondents did not purchase their bonds or elect to demand payment in foreign currency until after the effective date of the Resolution. The court below held the Resolution was not applicable.[2]

It is respondents' contention that their bonds represent a form of private international obligation, in no wise subject to the laws of the United States. However, they seek to enforce that obligation in this country and Congress has, as it constitutionally may, provided that multiple currency provisions of dollar obligations are against public policy here and, thus, unenforceable. The Constitution provides "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Courts in this country, State and Federal, can no longer enforce the contractual provisions which respondents have proceeded on, irrespective of their place of making.

In the absence of any claim of international rights based upon the treaty provision of the Constitution, it is enough that respondents' bonds are "obligations payable in the money of the United States," as we have this day held.

Under the governing principles announced in Nos. 384 and 495, the multiple currency provisions of respondents' bonds are within the operation of the Resolution, and their coupons are dischargeable dollar for dollar in current legal tender money of the United States.

*Reversed.*

---

[2] 279 N. Y. 495, 790; 18 N. E. 2d 673; 19 N. E. 2d 89.

268

The CHIEF JUSTICE, MR. JUSTICE MCREYNOLDS, MR. JUSTICE BUTLER and MR. JUSTICE STONE think the judgments in these cases should be affirmed, for reasons stated in the opinion of MR. JUSTICE STONE in No. 384, *Guaranty Trust Co.* v. *Henwood,* and No. 495, *Chemical Bank & Trust Co.* v. *Henwood, ante,* p. 247.