## BAKEWELL v. UNITED STATES.
### No. 11682.

District Court, E. D. Missouri, E. D.
July 31, 1939.

Paul Bakewell, Jr., of St. Louis, Mo., for plaintiff.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Herbert H. Freer, Asst. U. S. Atty., of St. Louis, Mo., for defendant.

MOORE, District Judge.

The plaintiff is the owner of a $1,000 Fourth Liberty Loan 4¼% Bond of 1933–1938, No. DO2020714, which he purchased in 1935 after it had been called for redemption, paying therefor, by check, the sum of $1,000, plus accrued interest. A true copy of the text for said bond is in evidence as Plaintiff's Exhibit "A", and is made a part hereof by reference.

This bond is one of a series of bonds authorized by an Act of Congress approved September 24, 1917, as amended, and issued by the United States on October 24, 1918 pursuant to Treasury Department Circular No. 121, dated September 28, 1918.

On April 13, 1935, said bond, pursuant to a provision for redemption contained therein, was called for redemption by the Secretary of the Treasury on October 15, 1935. A true copy of said call for redemption is contained in Plaintiff's Exhibit "B", which is made a part hereof by reference.

The United States has at all times been and is ready and willing to make payment of all called Fourth Liberty Loan 4¼% Bonds at face amount in legal tender coin or currency.

The plaintiff has not surrendered or presented for payment the Fourth Liberty Loan 4¼% Bond No. DO2020714 upon which this suit is brought.

The plaintiff held no license and was not authorized to acquire, transport, melt or treat, import, export, or earmark or hold in custody for foreign or domestic account, gold in any form on January 30, 1934, or at any time subsequent to that date.

Upon the foregoing Findings of Fact, the Court decides, as conclusions of law, that:

The plaintiff is not entitled to recover, and judgment is to be entered for the defendant, without prejudice to any right of the plaintiff to present his bond for payment, in the usual course, of its dollar face amount in legal tender currency.

■ Congress possesses the constitutional power to alter the weight and fineness of the gold dollar. This power it exercised in 1934 when the content of the gold dollar was reduced from 24.75 to 23.2 grains of pure gold and the standard weight from 27 to 25.8 grains, and in 1837 when the fineness of the gold dollar was changed to .900 thus increasing its pure gold content from 23.20 to 23.22 grains. That the metallic content of standard units of value may be changed is further evidenced by the numerous instances in history, from early times to the present, of such revaluation by practically every country in the world. By section 43(b) (2) of title III of the Act of May 12, 1933, 48 Stat. 51, as amended, U.S.C., title 31, §˚ 821, 31 U.S.C.A. § 821, Congress validly conferred upon the President authority to fix the weight of the gold dollar, and by his Proclamation of January 31, 1934, 31 U.S.C.A. § 821 note, issued pursuant to the authority so conferred upon him, the President validly fixed the weight of the gold dollar to be 15⅝₁ grains nine tenths fine. Legal Tender Cases, 12 Wall. 457, 551, 552, 20 L.Ed. 287; Norman v. B. & O. R. Co., 294 U.S. 240, 297, 305, 314, 315, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352; Nortz v. United States, 294 U.S. 317, 55 S.Ct. 428, 79 L.Ed. 907, 95 A.L.R. 1346; Perry v. United States, 294 U.S. 330, 55 S.Ct. 432, 79 L.Ed. 912, 95 A.L.R. 1335; Id., 87 Ct.Cl. 182, certiorari denied October 10, 1938, 305 U.S. 624, 59 S.Ct. 85, 83 L.Ed. ——; Smyth v. United States, 302 U.S. 329, 357, 58 S.Ct. 248, 82 L.Ed. 294, 114 A.L.R. 807; Hampton, Jr., & Co. v. United States, 276 U.S. 394, 48 S.Ct. 348, 72 L.Ed. 624; New York Central Securities Corporation v. United States, 287 U.S. 12, 24, 53 S.Ct. 45, 77 L.Ed. 138; Federal Radio Commission v. Nelson Brothers, 289 U.S. 266, 285, 53 S.Ct. 627, 77 L.Ed. 1166, 89 A.L.R. 406; Act of June 28, 1834, 4 Stat. 699; Act of January 18, 1837,· 5 Stat. 136, 137; Nussbaum, Money In The Law (1939), pp. 23–26, 136–139, 179, 324–326.

■ Congress, by section 43(b) (1) of title III of the Act of May 12, 1933, 48 Stat. 52, as amended, U.S.C., title 31, § 462, 31 U.S.C.A. § 462, validly provided that all coins and currencies of the United States (including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations) theretofore or thereafter coined or issued, should be legal tender for all debts, public and private, public charges, taxes, duties, and dues, except that gold coins when below the standard weight and limit of tolerance should be legal tender only at valuation in proportion to their actual weight. Legal Tender Cases, 12 Wall. 457, 20 L.Ed. 287; Juilliard v. Greenman,

110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204; Norman v. B. & O. R. Co., 294 U.S. 240, 302–304, 316, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352; Perry v. United States, 294 U.S. 330, 357, 358, 55 S.Ct. 432, 79 L.Ed. 912, 95 A.L.R. 1335.

■ The plaintiff, being the holder and owner of a Fourth Liberty Loan 4¼% bond of the United States, of the principal amount of $1,000, issued in 1918, which was payable on and after October 15, 1935, and which bond contained a clause that the principal is "payable in United States gold coin of the present standard of value", is not entitled to receive from the United States an amount in legal tender currency in excess of the face amount of the bond. Perry v. United States, 294 U.S. 330, 55 S.Ct. 432, 79 L.Ed. 912, 95 A.L.R. 1335; Id., 87 Ct.Cl. 182, certiorari denied October 10, 1938, 305 U.S. 624, 59 S.Ct. 85, 83 L.Ed. ——.

In view of the restrictions on the use of gold which the Congress had the power to impose and which were validly imposed by the monetary legislation enacted by it during 1933 and 1934 and by executive action validly taken pursuant thereto the value to the plaintiff of $1,000 in United States gold coin containing 25.8 grains of gold .9 fine or of uncoined gold of equivalent weight and fineness is no greater than the value to the plaintiff of $1,000 in legal tender coins or currency of the United States other than gold coin. Nortz v. United States, 294 U.S. 317, 327–330, 55 S.Ct. 428, 79 L.Ed. 907, 95 A.L.R. 1346; Perry v. United States, 294 U.S. 330, 355–358, 55 S.Ct. 432, 79 L.Ed. 912, 95 A.L.R. 1335; Id., 87 Ct.Cl. 182, certiorari denied October 10, 1938, 305 U.S. 624, 59 S.Ct. 85, 83 L.Ed. ——.

■ In view of the adjustment of the internal economy of this country to a single measure of value as a result of the monetary legislation validly adopted by the Congress during 1933 and 1934, and the universal availability and use in the United States of legal tender currency in meeting all engagements, the payment to the plaintiff, as demanded by him, of an amount in legal tender currency in excess of $1,000 would constitute an unjustified enrichment of the plaintiff. Perry v. United States, 294 U.S. 330, 358, 55 S.Ct. 432, 79 L.Ed. 912, 95 A.L.R. 1335; Id., 87 Ct.Cl. 182, certiorari denied October 10, 1938, 305 U.S. 624, 59 S.Ct. 85, 83 L.Ed. ——.

■ In view of the restrictions on the use of gold which the Congress had the power to impose and which were validly imposed by the monetary legislation enacted by it during 1933 and 1934 and by executive action validly taken pursuant thereto the plaintiff, who does not hold a license authorizing him to acquire, transport, melt or treat, import, export, or earmark or hold in custody for foreign or domestic account, gold in any form, is not entitled to receive from the United States in payment of his $1,000 Fourth Liberty Loan 4¼% bond gold coin or gold in any form. Norman v. B. & O. R. Co., 294 U.S. 240, 304, 313, 314, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352; Nortz v. United States, 294 U.S. 317, 327, 330, 55 S.Ct. 428, 79 L.Ed. 907, 95 A.L.R. 1346; Perry v. United States, 294 U.S. 330, 355–358, 55 S.Ct. 432, 79 L.Ed. 912, 95 A.L.R. 1335; Holyoke Water Power Company v. American Writing Paper Company, 300 U.S. 324, 336, 57 S.Ct. 485, 81 L.Ed. 678.

■ In so far as the plaintiff demands judgment for gold coin this is a suit to compel specific performance of what the plaintiff contends is the obligation of the United States on plaintiff's $1,000 Fourth Liberty Loan 4¼% bond. This Court does not have jurisdiction to decree specific performance of a contract against the United States. Moreover, this Court is without authority to enter a judgment for gold coin for the further reason that Congress by Section 5 of the Gold Reserve Act of 1934, 48 Stat. 337, 340, 31 U.S.C.A. § 315b, has withdrawn any consent by the United States to the entry of judgment against it in gold coin. Wells v. Roper, 246 U.S. 335, 38 S.Ct. 317, 62 L.Ed. 755; Transcontinental & Western Air v. Farley, 2 Cir., 71 F.2d 288, 290, certiorari denied, 293 U.S. 603, 55 S.Ct. 119, 79 L.Ed. 695; Boeing Air Transport v. Farley, 64 App. D.C. 162, 75 F.2d 765, 768, certiorari denied, Pacific Air Transport v. Farley, 294 U.S. 728, 55 S.Ct. 637, 79 L.Ed. 1258; Constitution, Article I, Section 9, Clause 7, U.S.C.A.; R.S. § 3563 U.S.C., title 31, § 371, 31 U.S.C.A. § 371; Gold Reserve Act of 1934, 48 Stat. 337, 340.

■ Plaintiff is not entitled to the relief demanded for the further reason that he has never presented and surrendered for payment the Fourth Liberty Loan 4¼% bond upon which this suit is brought. Rex v. International Trustee for the Protection of Bondholders, Akt., [1937] A.C. 500, 529.