## HARTMANN v. UNITED STATES.
### No. 43198.

Court of Claims.

May 6, 1946.

———◇———

Zeamore A. Ader, of Chicago, Ill., for plaintiff.

Henry Weihofen, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen. (Harry LeRoy Jones, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

Plaintiff filed this petition to recover $1,053,132 in legal tender currency representing the difference between the alleged value in gold coin of certain U. S. Liberty Loan 3½ percent Gold Bonds, with interest, and the amount received therefor in devalued currency on June 15, 1935, when the bonds were called and surrendered for redemption.

Plaintiff, a citizen and resident of Switzerland, is the duly qualified and acting executor of the estate of Annie C. Grun, having been appointed as such executor by the Probate Court of Lucerne, Confederation of Switzerland. Annie C. Grun was a resident and citizen of Switzerland at all times prior to her death on October 11, 1934. On May 5, 1930, the decedent became, and until her death remained, the legal and beneficial holder and owner of certain U.S. First Liberty Loan 3½ percent Bonds in the principal amount of $1,420,000 payable in the United States as to principal and interest in United States gold coin of the standard of value of June 15, 1917. These bonds were duly registered on May 5, 1930, in the name of the decedent, by the Register of the U. S. Treasury.

On April 22, 1935, the United States, through the Secretary of the Treasury, issued a call by Department Circular No. 535 for the redemption on June 15, 1935, but not in gold coin, of all outstanding First Liberty Loan 3½ percent Bonds. The bonds with which we are here concerned were surrendered by the plaintiff estate in 1935 under the above-mentioned call and plaintiff received therefor not gold coin, but legal tender currency of the then standard of the diminished value as proclaimed by the President January 31, 1934, 48 Stat. 1730, 31 U.S.C.A. § 821 note, pursuant to section 43(b) (2) of the Act of May 12, 1933, 48 Stat. 51, as amended by the Gold Reserve Act of January 30, 1934, 48 Stat. 337, 342, 31 U.S.C.A. § 821. However, after the passage of Joint Public Resolution No. 10, June 5, 1933, 48 Stat. 112, 31 U.S.C.A. § 462, and the Proclamation of January 31, 1934, and until October 4, 1934, Annie C. Grun, acting through her duly authorized agent and attorney, made repeated demands upon defendant for payment of principal and interest of the bonds in gold or its equivalent value in currency but such payment was refused. On October

398

4, 1934, defendant gave notice that it would apply Public Resolution No. 10 of June 5, 1933, supra, to First Liberty Loan 3½ percent Gold Bonds owned by nonresident aliens. Plaintiff's bonds were so redeemed and paid for dollar for dollar in legal tender currency, as hereinabove stated.

■ Upon the foregoing statement of the substance of the facts alleged in the petition we are of opinion that the motion to dismiss must be allowed on authority of Perry v. United States, 294 U.S. 330, 55 S.Ct. 432, 79 L.Ed. 912, 95 A.L.R. 1335, and Perry v. United States, 87 Ct.Cl. 182, 187, certiorari denied 305 U.S. 624, 59 S.Ct. 85, 83 L.Ed. 399. The only difference between the Perry case and this case is that Annie C. Grun was a nonresident alien citizen. However, we think this fact does not take this case from the rule announced in the Perry cases. The bonds were purchased in this country and the contract as to payment was to be performed here. An alien who acquires a bond issued in this country under and subject to American law becomes, so far as the bond is concerned, subject to such law to the same extent as an American citizen. Compania de Inversiones Internacionales v. Industrial Mortgage Bank of Finland, 269 N.Y. 22, 198 N.E. 617, 101 A.L.R. 1313; Bethlehem Steel Co. v. Zurich General Accident & Liability Ins. Co., 307 U.S. 265, 59 S.Ct. 856, 83 L.Ed. 1280; Uebersee Finanz-Korporation Aktien, Gesellschaft v. Rosen et al., 2 Cir., 83 F.2d 225, 230. The export of and dealing in gold coin were prohibited. In view of this control by Congress, Annie C. Grun and plaintiff, like Perry, were limited to domestic transactions. The only legal use which plaintiff could have made of the gold dollars of the standard of value prior or subsequent to the devaluation proclamation would have been to surrender them to the Treasury in return for current legal tender currency. Perry v. United States, supra; British-American Tobacco Co., Ltd. v. Federal Reserve Bank, 2 Cir., 105 F.2d 935; Bakewell v. United States, D. C., 28 F.Supp. 504, affirmed 8 Cir., 110 F.2d 564.

Plaintiff's amended petition does not state a cause of action entitling the estate to judgment against the United States. The defendant's motion is therefore granted, and the plaintiff's petition is dismissed. It is so ordered.

WHALEY, Chief Justice, and JONES, and WHITAKER, Judges, concur.

MADDEN, Judge, took no part in the decision of this case.