Ex parte Charles F. Sibbald, appellee v. The United States, appellants.

On an appeal from the superior court of East Florida by the United States, the decree of the court of East Florida was in part affirmed; the title of Sibbald, the appellee, to whom the grant of land had been made by the Spanish governor, before the cession of Florida, having been deemed valid by the Supreme Court. The decree of the Supreme Court directed the surveyor of public lands in East Florida to do all things enjoined on him by law, in relation to the lands in the surveys made for the grantee. The case was remanded to the superior court of East Florida, for the execution of this decree. The mandate of the Supreme Court for the execution of the decree of the Supreme Court, was directed to the superior court of East Florida; and the surveyor of public lands would not make the surveys of the lands in the grant, according to the decision of the Court, the mandate not having been issued to him. A petition was presented to the Court by Sibbald, stating these facts, and asking the Court to order that a mandate be made out, directing the surveyor of public lands to do all required of him in relation to the surveys of the lands of the grantee, in conformity with the decree of the Court: and also to the superior court of East Florida, directing the court to cause further to be done therein what of right and according to law and justice, and in conformity to the decree of the Court, ought to be done. By the Court—Had it appeared, that a mandate more special than the one which was sent would have been necessary, it would have been ordered. The Court is bound to grant a mandate which will suit the case. The mandate which is annexed to the petition, was issued by the clerk, directed only to the court below, and no direction is given to the surveyor. It is, therefore, no execution of the final decree of the Supreme Court; and as it remains unexecuted, it is not too late to have it done; and requires no new order or decree in any way modifying that which has been rendered. The clerk was ordered to make out a certificate of the final decree of the Court before rendered; and also a mandate according to such final decree, the opinion of the Court in the case, and on the petition.

Appellate power is exercised over the proceedings of inferior courts, not on those of the appellate courts. The superior court have no power to review their decisions; whether in a case at law or equity. A final decree in chancery is as conclusive as a judgment at law. Both are conclusive on the rights of the parties thereby adjudicated. No principle is better settled, or of more universal application, that no court can reverse or annul its own final decrees or judgments for errors of fact or law after the term in which they have been rendered, unless for clerical mistakes; or to reinstate a cause, dismissed by mistake: from which it follows, that no change or modification can be made which may substantially vary or affect it, in any material thing. Bills of review in cases of equity, and writs of error, coram vobis, at law, are exceptions.

When the Supreme Court have executed their power in a case before them, and their final decree or judgment requires some further act to be done, it cannot issue an execution, but will send a special mandate to the court below to award it. Whatever was before the Court and is disposed of, is considered finally settled.

[Ex parte Sibbald v. The United States.]

The inferior court is bound by the decree, as the law of the case; and must carry it into execution according to the mandate: they can examine it for no other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal, for error apparent; or intermeddle with it further than to settle so much as has been remanded.

After a mandate, no rehearing will be granted: and on a subsequent appeal, nothing is brought up but the proceeding subsequent to the mandate.

If the special mandate directed by the 24th section of the judiciary act is not obeyed, then the general power given to " all the courts of the United States to issue any writs which are necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law," by the 14th section of the judiciary act, fairly arises; and a mandamus or other appropriate writ will go.

Mr. Clarke, for Mr. Sibbald, moved to reform the mandate issued by the Court, in this case, at January term, 1836, so as to conform the same to the opinion given by the Court at that time; or to issue a mandate to the surveyor general of the district of East Florida, to do those acts and things which he is commanded to do by the judgment of this Court, and which are enjoined on him by law. He cited 10 Peters, 313; 3 Storv's Laws U. S. 1962; 9 Peters, 171; 10 Peters, 100.

The petition on which the motion was made, stated:

That at January term, 1836, of the Supreme Court of the United States, the case of the United States, appellants v. Charles F. Sibbald, appellee, was argued and determined in favour of said Charles F. Sibbald; and thereupon the following decree was given, to wit:—

"On consideration whereof, it is ordered, adjudged, and decreed by this Court, that the decree of the said superior court, confirming the title of the petitioner to the ten thousand acres on Trout creek, be, and the same is hereby affirmed; and that the residue of the decree of the said superior court be, and the same is hereby reversed and annulled. And this Court, preceeding to render such decree as the said superior court ought to have rendered, doth order, adjudge, and decree, that the claim of the petitioner to the land embraced in the surveys of four thousand acres, and of two thousand acres, as returned with and contained in the record, is valid; and that the same be, and is hereby confirmed. And it is further ordered, adjudged, and decreed by this Court, that the surveyor of public lands in the eastern district of Florida, be, and he is hereby directed to do, and cause to be done, all the acts and things enjoined on him by law, in relation to the lands within said survey. And that the said cause be,

[Ex parte Sibbald v. The United States.]

and the same is hereby remanded to the said superior court, to cause further to be done therein, what of right, and according to law and justice, and in conformity to the opinion and decree of this Court, ought to be done." Vide 10 Peters, 324.

Your petitioner further represents, that he made application, by his solicitor, to said superior court of East Florida, to execute the mandate aforesaid; and which mandate he now exhibits in this Court, together with the opinion of the judge of said superior court, declining to execute said mandate, according to the requirements of your petitioner, for want of power or authority under said mandate.

Your petitioner further represents, that by the opinion and judgment of this honourable Court, he considered two points as clearly settled, to wit: first, that he was entitled to the full complement of sixteen thousand acres, according to his original grant. Secondly: That he had an inherent privilege to direct or point out where other locations should be made, in case the survey or surveys made for him, was interfered with by older and good claims.

Your petitioner further represents, that after said mandate was issued, and its execution demanded, it was clearly ascertained that there were divers interferences with older surveys, so as to prevent him from obtaining his full amount of lands; unless the deficiency were made up to him by other locations, to be pointed out. It will be seen by the opinion of the judge of said superior court, that he declined so to direct said surveys, according to his construction of said mandate.

Your petitioner further sets forth, that in the decree of said Court, the surveyor general of East Florida was ordered and directed to do certain acts, and make the surveys therein ordered; but that no such mandate has been directed to said surveyor. He therefore prays that said mandate may be issued, in such terms as in the opinion of the Court may be right and proper.

Your petitioner therefore humbly prays your honourable Court to amend the error in said mandate as to conform to the judgment of the court; and that full and complete execution thereof may be had.

The petition was sworn to by Charles F. Sibbald, before a justice of the peace of the county of Washington, in the District of Columbia.

On the 7th of March, 1838, the counsel for the petitioner filed the following supplemental petition.

The supplemental petition of said Charles F. Sibbald, respectfully represents:

That by reference to the judgment of the Court, as set forth in 10 Peters, 324, it was "ordered, adjudged, and decreed, that the surveyor of public lands in the eastern district of Florida, be, and he is, hereby directed to do, and cause to be done, all the acts and things enjoined on him by law, in relation to the lands within said survey." And it was further ordered, adjudged, and decreed: "That the said cause be, and the same is hereby remanded to the said superior court, to cause further to be done therein, what of right, and according to law and justice, and in conformity to the opinion and decree of this Court, ought to be done."

Your petitioner respectfully represents, that by the said judgment and decree, certain duties were imposed upon the surveyor of the public lands, as well as upon the said superior court; but that the mandate of this Court as made out by the clerk, is made to the judge of the superior court only, and none is directed to said surveyor; which your petitioner considers not to be an execution of, or in conformity with the judgment of this Court.

The duties of a surveyor are prescribed by the 6th and 11th secs. of the act of congress of 1834, 3 Story, 1962. And by an act of 23d May, 1828, are made applicable to cases in Florida. 4 Story, 2126, sec. 6; and 6 Laws U. S. 68, sec. 6.

The duties of the judge of the superior court are defined by the 1st sec. of said act of 1824, 3 Story, 1960.

Your petitioner, therefore, respectfully prays that the mandate of the Court as rendered, be made out by the clerk in conformity to the judgment of the Court, and that it be so done as to direct the said surveyor, by a mandate to him, to do, or cause to be done, all the acts and things enjoined on him by law, in relation to the lands within said surveys. And also to direct the mandate to the superior court, to cause further to be done therein what of right, and according to law and justice, and in conformity to the opinion and decree of this Court, ought to be done.

Mr. Justice BALDWIN delivered the opinion of the Court:

The matter of the original and supplemental petition of the party is founded on a final decree of this Court in the case of the United States v. Charles F. Sibbald, which is reported in the 10th vol. Peters' Reports at large, in p. 313, 325; in which latter page will be

found the final decree and mandate therein made; the substance whereof is fully set out in the petitions now before us.

Before we proceed to consider the matter presented by these petitions, we think proper to state our settled opinion of the course which is prescribed by the law for this Court to take, after its final action upon a case brought within its appellate jurisdiction; as well as that which the court, whose final decree or judgment has been thus verified, ought to take.

Appellate power is exercised over the proceedings of inferior courts, not on those of the appellate court. The Supreme Court have no power to review their decisions, whether in a case at law or in equity. A final decree in chancery is as conclusive as a judgment at law. 1 Wheat. 355; 6 Wheat. 113, 116. Both are conclusive on the rights of the parties thereby adjudicated.

No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments, for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes; 3 Wheat. 591; 3 Peters, 431: or to reinstate a cause dismissed by mistake, 12 Wheat. 10: from which it follows, that no change or modification can be made, which may substantially vary or affect it in any material thing. Bills of review, in cases in equity, and writs of error, coram vobis, at law; are exceptions which cannot affect the present motion.

When the Supreme Court have executed their power in a cause before them, and their final decree or judgment requires some further act to be done, it cannot issue an execution, but shall send a special mandate to the court below to award it. 24 sect. Judiciary Act, 1 Story's Laws, 61. Whatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded. 1 S. C. 194, 197; 1 H. & M. 557; 3 Menif. 228. After a mandate, no rehearing will be granted. It is never done in the House of Lords; 3 Dow. P. C. 157: and on a subsequent appeal, nothing is brought up, but the proceeding subsequent to the mandate. 5 Cranch, 316; 7 Wheat. 58, 59; 10 Wheat. 443.

If the special mandate directed by the 24th section, is not obeyed

or executed, then the general power given to "all the courts of the United States to issue any writs which are necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law;" by the 14th section of the judiciary act; fairly arises, and a mandamus, or other appropriate writ will go.   1 Story, 59.

In the original cause, the now petitioner claimed sixteen thousand acres of land, which had been surveyed in three tracts of ten, four, and two thousand acres.   The court below confirmed his title to the tract of ten thousand acres, surveyed at the place called for in the grant; but rejected his claim to the two others, surveyed elsewhere, by their final decree, which concluded thus: " And it is further ordered, adjudged and decreed, that the said claimant have leave to survey the whole number of acres called for in his grant, at the place designated in the same; *provided* vacant lands of sufficient extent may be obtained at that place."

The effect of this decree was to confirm the title to the whole quantity of sixteen thousand acres called for in the grant, if so much could be found vacant at the place called for; but to prohibit the survey of the deficiency at any other than the place designated; whereby the claim was reduced to ten thousand acres.

On an appeal to this Court, the petitioner's claim was confirmed to its full extent of sixteen thousand acres, according to the three separate surveys in the record; the decree below was affirmed as to the ten thousand, and reversed as to the two other surveys of four and two thousand acres respectively; and a mandate ordered accordingly.

In order to ascertain the true intention of the decree of confirmation, and consequently of the mandate, and its effect; that part of the decree below which was affirmed, must be taken in connection with the petitioner's title, and the construction of it by this Court.   Both courts confirmed the title to the whole quantity claimed: the difference between them was as to the two small surveys, which the court below rejected on their construction of the grant: being of opinion, that by its terms, the whole quantity must be surveyed in one place. This Court, construing the grant differently, held, that by its terms, it authorized surveys at places other than the one described; and that after surveying all that was vacant there, the quantity found deficient might be surveyed where the grantee designated.   This was done, as appeared by the evidence; surveys were made by the proper

officers, and without objections by the Spanish governor. These were the surveys confirmed by this Court, at the place referred to in the plots in the record. Vide 10 Peters, 323, 324. There can, therefore, be no difficulty in understanding the mandate in this respect. It gives to the surveys of four and two thousand acres, the same validity as if they had been made for the land specified in the grant; as the "*equivalent*" of what could not be found vacant at the place called for in the grant. In the decree of the court below, the proviso, if vacant lands, of sufficient extent can be obtained at that place; must be referred to the decree of this Court affirming that part of the decree, in conformity with the opinion, as to the "equivalent," for such portion of the whole quantity as was not open to appropriation when the ten thousand acres were surveyed.

To make up such "*equivalent*," consistently with the declared opinion of the Court, the party must have the right of filling up his claim in some mode, or he will obtain a less quantity than has been confirmed to him by our final decree; which the law declares shall be final and conclusive between the parties, who were the United States and the petitioner. 3 Story L. 1961. The latter must, therefore, have his sixteen thousand acres somewhere.

By the eleventh section of the act of 1824, provision is made for the case; in enacting, "That if in any case it should so happen, that the lands, tenements or hereditaments, decreed to any claimant under the provisions of this act, shall have been sold by the United States, or otherwise disposed of; or if the same shall not have been heretofore located; in each and every such case the party may enter the like quantity," &c. &c. 3 Story, 1963. This section applies to each of the three surveys, provided that either comes within its provisions, by its appearing that any part thereof cannot be obtained pursuant to our decree.

By the sixth section of the same act, the duties to be performed after a final decision in favour of the claimant, are prescribed; the clerk of this Court is to give a copy of the decree under the seal of the Court to the party, who shall deliver it to the surveyor of the state or territory, who shall cause the land to be surveyed, and a plot thereof to be made out and returned to the land office; which shall entitle the party to a patent. 3 Story, 1962. This section applies to confirmations, where there is no interfering claim, so that nothing remains to be done by the court below; but when the case comes under the eleventh section, then the surveyor, and the court

below must both act: the one to ascertain what portion of either of the confirmed survey comes within its provisions; and the other to decide on the return of the surveyor, how much land, if any, is to be entered at the proper land office. In such cases, the court below acts under our mandate to execute our decree on those matters which remained for their future action; which is to be done in the same manner, por tanto, as when the whole case was originally before it, in the first instance; according to the provisions of the first section of the act, with this exception; that they cannot act on any question of the title of the party to the full quantity confirmed, or decide against the validity of the surveys which have been confirmed by this Court. So far as our final decree goes, it must be taken to be conclusive.

On receiving the mandate, the court below must " determine all questions arising (in its execution) in relation to the extent, locality, and boundaries of the said claim, or other matters connected therewith, fit and proper to be heard and determined; and may, at discretion, order disputed facts to be found by a jury; and otherwise proceed as directed in that section." 3 Story, 1961. By this reference to the law the meaning of the mandate of this Court directed to the surveyor, commanding him to do and perform the acts enjoined on him by law; and to the court below, " to cause further to be done therein, what of right, according to law and justice, in conformity to the *opinion* and decree of this Court, ought to be done;" [is evident.]

In Mitchell v. The United States, where the Court apprehended that some difficulty might occur, a special mandate was made out on great deliberation. 9 Peters, 761–2. In the United States v. Soulard, one was made to meet the case, 10 Peters, 105–6: and had it appeared from the record, in the case between the United States and the petitioner, that a mandate more special than the one made out would have been necessary, it would have been done. The one ordered is, in substance, the same as those; and with the references now made, will meet the prayer of the petition, which we feel bound to grant, for the reasons set forth. The mandate which is annexed to the petition, was issued by the clerk, directed only to the court below, and no direction is given to the surveyor; it is therefore no execution of our final decree: and as it thus remains unexecuted. it is not too late to have it done, and requires no new order or decree,

in any way modifying that which has been rendered in the reported case.

It is therefore ordered, that the clerk of this Court make out a certificate of the final decree heretofore rendered in the case of the United States v. Sibbald; and also a mandate according to such final decree, the opinion of the Court in that case, and on these petitions.

On consideration of the motion made in this cause by Mr. Clarke, of counsel for the appellant, on a prior day of the present term of this Court, to wit, on Saturday, the 10th day of February, A. D. 1838, and of the arguments of counsel thereupon had, it is now here considered, ordered and adjudged by this Court, that the clerk of this Court make out a certificate of the final decree heretofore rendered in the case of the United States v. Sibbald; and also a mandate according to such final decree, the opinion of the Court in that case, and on this petition.