# TUBMAN v. BALTIMORE AND OHIO RAILROAD COMPANY.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 574. Submitted May 18, 1903.—Decided June 1, 1903.

1. The general rule is that a final judgment cannot be set aside by the court which rendered it, on application made after the close of the term at which it was entered; and as this case comes within that rule the judgment is affirmed.

2. The Court of Appeals dismissed the appeal, but inasmuch as if it had entertained it, that court would have been compelled to affirm the order appealed from, this court is not obliged, in the circumstances disclosed by the record, to modify or reverse even if that court might have maintained jurisdiction of the appeal.

THE case is stated in the opinion of the court.

*Mr. William A. Meloy* for plaintiff in error.

*Mr. George E. Hamilton* and *Mr. Frederic D. McKenney* for defendant in error.

THE CHIEF JUSTICE : The declaration in this action was filed March 26, 1895, and several demurrers were interposed thereto the following June.   August 6, 1901, the case was dismissed for want of prosecution.   After the term at which that judgment was entered had expired, and on May 19, 1902, plaintiff made a motion to set it aside, and the motion was denied.   From the order denying the motion, plaintiff took an appeal to the Court of Appeals of the District of Columbia, which was dismissed, and this writ of error then allowed.   The case comes before us on a motion to dismiss or affirm.   The appeal to the Court of Appeals was dismissed on the ground that the order overruling the motion to vacate the judgment of dismissal was not the subject of appeal, and we think there was color for the motion here to dismiss the writ of error.   But in the view we take, we must decline to sustain that motion, and will dispose of the case on the motion to affirm.

In its opinion the Court of Appeals said, among other things, that the "motion to vacate was not made until after the lapse of more than two terms of the court in which the original judgment was entered.   It is not shown that there was any fraud or surprise in procuring the judgment of dismissal of the action by the court."   The Court of Appeals and the Supreme Court of the District obviously agreed in this finding, and a careful examination of the record affords no basis for questioning the conclusion, if it were permissible for us to do so.   The general rule is that a final judgment cannot be set aside on application made after the close of the term at which it was entered, by the court which rendered it, because the case has passed beyond the control of the court.   *Bronson* v. *Schulten*, 104 U. S. 410, 415; *Phillips* v. *Negley*, 117 U. S. 665.

In the latter case jurisdiction was taken on error to review a final order setting aside a judgment on motion made at a subsequent term.   And in *Hume* v. *Bowie*, 148 U. S. 245, *Phillips* v. *Negley* was considered, and the distinction between a judgment ordering a new trial when the court has jurisdiction to make such an order and a judgment where such jurisdiction does not exist was pointed out.   See *Macfarland* v. *Brown*, 187 U. S. 239, 243.

In the present case the motion to set aside was denied, not granted, and as it was made after the lapse of the term, and came within no exception, the general rule was applicable. If then the Court of Appeals had entertained jurisdiction, the result would have been an affirmance; and even if the court erred in declining jurisdiction, the difference between dismissing the appeal and affirming the order does not, in the circumstances, require reversal or modification.

*Judgment affirmed.*