460

CANNING v. HACKETT et al.

District Court, D. Massachusetts.
May 5, 1933.

James H. Vahey and Edwin J. Owens,
both of Boston, Mass., for plaintiff.

Abbott & Carroll, Daniel J. Lyne, and
Lyne, Woodworth & Evarts, all of Boston,
Mass., for defendant John J. Hackett.

BREWSTER, District Judge.

The plaintiff has filed a motion to restore
this case to the docket. It involves the va-
cating of an order dismissing the action under
rule 34 of this court for want of prosecution.

The facts appearing in the affidavit and
assumed in argument are these:

On November 28, 1928, the action was
brought in the state court. The action was
duly removed to this court on January 23,
1929. James H. Vahey appeared as attor-
ney of record for the plaintiff. No action
having been taken for two years prior there-
to, on January 29, 1932, an order was en-
tered dismissing the bill under rule 34. Pri-
or to January 23, 1932, James H. Vahey had
died, but his practice was taken over by his
son, with whom he was associated in the prac-
tice of law at room 1107, 18 Tremont street,
Boston. Notice of the order was sent to
James H. Vahey, as attorney of record, ad-
dressed to room 1107, 18 Tremont street. The
plaintiff retained other counsel in March,
1933, and first learned of the order dismiss-
ing the case when his attorney discovered the
fact, shortly before the motion to restore was
filed.

The material portion of rule 34, under
which the order was entered, is as follows:

"34. *Dismissal of Old Cases.* On the
first business day of January in each year, all
pending cases on the law, equity and civil
dockets in which no action shall have been
taken during the two years next preceding
shall be dismissed without prejudice and
without costs for lack of prosecution, or dis-
posed of by other appropriate order. Notice
of orders entered under this rule shall be sent
by mail or delivered in hand by the clerk to
counsel of record or to parties in each such
case. * * *

Provided, further, that any case dismissed
under this rule may for good cause shown be
revived and restored to the docket upon mo-
tion filed on or before March first and after
due notice to parties."

Defendant objects to the allowance of this
motion on two grounds: First, that the court
is without power to vacate the order after the
expiration of the term of the court during
which it was entered, and, second, if the
court has the power it ought not to exercise it
because the plaintiff has failed to pursue his
remedy with due diligence.

In my opinion both objections are well
taken. The general rule is that a final judg-
ment cannot be vacated or modified after the
expiration of the term during which it is en-
tered. Bronson v. Schulten, 104 U. S. 410,
26 L. Ed. 797; Tubman v. Baltimore & Ohio
R. R. Co., 190 U. S. 38, 23 S. Ct. 777, 47 L.
Ed. 946; Phillips v. Negley, 117 U. S. 665,
6 S. Ct. 901, 29 L. Ed. 1013; Sibbald v.
United States, 12 Pet. 488, 9 L. Ed. 1167;
Brooks v. Railroad Company, 102 U. S. 107,
26 L. Ed. 91; Wetmore v. Karrick, 205 U. S.
141, 27 S. Ct. 434, 51 L. Ed. 745.

A motion to dismiss for want of prosecu-
tion is a final judgment. Hamilton Coal
Company v. Watts (C. C. A.) 232 F. 832;

United States v. Chin Dong Ying (D. C.) 229 F. 813.

There are, however, exceptions to the general rule. These exceptions were noted in United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 19, 59 L. Ed. 129, where it is stated that in the case of courts of common law in civil cases the court has power at a subsequent term "to rectify such mistakes of fact as were reviewable on writs of error coram nobis, or coram vobis, for which the proceeding by motion is the modern substitute."

Here the order dismissing the action was not predicated on any mistake of fact. There is no suggestion that any action had been taken in the case during the preceding two years. Under the rule, it was ripe for dismissal when the order was entered. Nor was there any evidence of clerical error or omission or any defect in the form of judgment which might bring the case within the exception to the fixed rule. Under these circumstances, it seems to be well settled that this final disposition of the case cannot be now disturbed by any order to vacate the judgment of January 29, 1932. United States v. Chin Dong Ying, supra. See, also, Loewe v. Union Savings Bank (D. C.) 222 F. 342; Fairmont Creamery Co. v. Minnesota, 275 U. S. 70, 48 S. Ct. 97, 72 L. Ed. 168.

I am persuaded upon the authorities that this court had not the power to set aside, vacate, or modify this final judgment after the term at which it was rendered. It has been held that authority to do this can neither be conferred upon nor withheld from courts of the United States by the practice of the state courts. Bronson v. Schulten, supra, at page 417 of 104 U. S., 26 L. Ed. 797.

If, however, it were a matter of discretion, I should be compelled to deny the motion to restore the case to the docket. The failure of the plaintiff to pursue his remedies in this court for a period of over four years displays such a want of diligence that he cannot, with propriety, ask the court now to entertain his suit.

Granting that those who succeeded to the practice of the attorney of record were remiss in notifying the plaintiff of the dismissal of his suit, such negligence cannot excuse the failure of the plaintiff to exercise reasonable diligence in obtaining new counsel or seeing to it that some action was taken in the case.

Plaintiff's motion to restore the case to the docket of the court is denied.