**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2352
_____

UNITED STATES OF AMERICA

v.

DAMON TODD CAREY,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1:18-cr-00263-001)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 23, 2025
_____

Before:  PHIPPS, CHUNG, and ROTH, <u>Circuit Judges</u>

(Filed July 25, 2025)
_____

OPINION[*]
_____

CHUNG, <u>Circuit Judge</u>.

Damon Carey was convicted of various drug and drug-related crimes.  After we

_____

[*]	This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

vacated one conviction on appeal, the District Court resentenced Carey to a term of imprisonment of 200 months on the remaining counts. Carey appeals that sentence, as well as other decisions of the District Court. For the reasons discussed below, we will affirm.

I.      BACKGROUND[1]

Carey was charged with possession with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a) at Count One; possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) at Count Two; possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) at Count Three; and, conspiracy to possess with intent to distribute marijuana and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 at Count Four. Prior to trial, the District Court denied Carey's motions to suppress. Carey was convicted by a jury on all counts. At the close of trial, Carey moved for acquittal which the District Court denied. Carey unsuccessfully renewed his motion after trial, as well as unsuccessfully moved for a new trial. He was then sentenced to a total term of imprisonment of 228 months consisting of 168 months' imprisonment on Counts 1 and 4 to run concurrently with a sentence of 120 months' imprisonment on Count 2, followed by a consecutive mandatory 60-month term of imprisonment on Count 3.

Carey appealed, challenging the sufficiency of the evidence for his conviction on

---

[1]      Because we write for the parties, we recite only the facts pertinent to our decision. The facts have already been fully explained in the first appeal, United States v. Carey, 72 F.4th 521, 526 (3d Cir. 2023) [hereinafter Carey I].

Counts 1 and 3 and challenging the District Court's previous suppression rulings. We vacated Carey's conviction at Count 1 and remanded for resentencing on the remaining counts of conviction. We denied the appeal in all other respects.

On remand, Carey brought motions to reconsider the District Court's denial of his motions for acquittal and new trial and the District Court's denial of his suppression motions. The District Court denied the motion for reconsideration of the motion for acquittal as untimely, and the motion for a new trial as not based on newly discovered evidence. The District Court denied the motion for reconsideration of the suppression motions because it concluded that it lacked the authority to hear it, as remand was limited to resentencing only and did not reopen the case in whole. The District Court resentenced Carey to a total term of 200 months, consisting of a term of imprisonment of 60 months on Count 2 running concurrently with a sentence of 140 months on Count 4, and a term of 60 months on Count 3 running consecutively to the sentences imposed at Counts 2 and 4. Carey timely appealed.

II.    DISCUSSION[2]

---

[2]    The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo whether the District Court on remand adhered to our mandate from the prior appeal and whether the law of the case doctrine applies. United States v. Kennedy, 682 F.3d 244, 253 n.7 (3d Cir. 2012) (mandate); United States v. Jackson, 132 F.4th 266, 272 (3d Cir. 2025) (law of the case). We review a district court's interpretation of the sentencing guidelines de novo and factual findings for clear error. United States v. Shulick, 18 F.4th 91, 113 (3d Cir. 2021). "We review preserved sentencing errors for abuse of discretion." United States v. Brito, 979 F.3d 185, 189 (3d Cir. 2020). "However, when a party did not object to an alleged error at sentencing, we review only for plain error." Jackson, 132 F.4th at 272.

3

The first six challenges Carey brings are foreclosed by the mandate rule or the law of the case doctrine. We will therefore only consider the merits of one challenge to his resentencing.

A.    Foreclosed Challenges

1.    Foreclosed by Law of the Case

"Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue *or necessarily resolved it by implication*.... The law-of-the-case doctrine relieves a court of the obligation of considering an issue *twice*[.]" United Artists Theatre Cir., Inc. v. Twp. of Warrington, PA, 316 F.3d 392, 397–98 (3d Cir. 2003) (emphasis in original) (internal citations omitted). Once we have considered an argument, "[w]hatever was before the court, and is disposed of, is considered as finally settled." United States v. Kennedy, 682 F.3d 244, 252 (3d Cir. 2012) (quoting Sibbald v. United States, 37 U.S. 488, 492 (1838)). As law of the case, a district court "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent[.]" Id.

Carey's appellate challenges to the denial of his motions to reconsider are foreclosed by this doctrine, because they merely resurrect old arguments that our previous ruling decided. Carey I, 72 F.4th at 530; 530 n.11; 530 n.10, 530–31; 531–32. Accordingly, the District Court was bound by that decision and we will affirm its denial of Carey's motions to reconsider as they are simply attempts to relitigate previously-

4

settled challenges.[3]

### 2. Foreclosed by the Mandate Rule

All of Carey's arguments above, as well as his next arguments, are also foreclosed by the mandate rule. "Under the mandate rule, a species of the law of the case doctrine, a trial court must comply strictly with the mandate directed to it by the reviewing court." Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 203 n.13 (3d Cir. 2004) (internal quotations omitted). A "[district] court has no power or authority to deviate from the mandate issued by an appellate court." United States v. Kennedy, 682 F.3d 244, 252 (3d Cir. 2012) (internal quotations omitted). Here, we issued a mandate to the District Court to resentence Carey on Counts 2 through 4. This mandate was limited and identified no other issues for the District Court to consider such as those raised in Carey's motions to reconsider.

In addition to the arguments previously raised in his first appeal and disposed of above, Carey now also argues that the District Court should have allowed him to present evidence at his resentencing that the conspiracy charged at Count 4 involved only marijuana. But a jury had already found Carey guilty at Count 4 for a conspiracy involving both marijuana and cocaine. Thus, the District Court correctly concluded that Carey was improperly attempting to challenge the verdict at Count 4, "as opposed to

---

[3] Though the District Court did not invoke the mandate rule or the law of the case doctrine in rejecting all of Carey's arguments, "we may affirm [the District Court] on any ground supported by the record[.]" Laurel Gardens, LLC v. McKenna, 948 F.3d 105, 116 (3d Cir. 2020).

[raising] an appropriate argument for [re]sentencing." Dist. Ct. Dkt. No. 399 at 22. Therefore, the District Court did not err when it declined to hear evidence that was only relevant to Carey's challenge to his conviction at Count 4. That issue was outside the scope of the District Court's resentencing authority upon remand. Kennedy, 682 F.3d at 254 (concluding that arguments going to the "the validity of a conviction" on remand for resentencing are outside the scope of a mandate to resentence); Dist. Ct. Dkt. No. 321.

For the same reason, the District Court properly rejected Carey's challenge to his statutory sentencing range at Count 4, which was based upon a cocaine weight of 500 grams or more. Carey's argument is again a challenge to his conviction at Count 4, disguised as a resentencing argument. Carey argues that, based upon the jury instructions and verdict slip, the jury may have convicted him of a conspiracy involving only marijuana, not one involving cocaine, much less 500 grams of cocaine. In other words, and similar to his argument above, Carey argues that he may actually have been convicted of the lesser offense of conspiracy to distribute marijuana. On remand, however, the District Court's mandate was only to resentence Carey, including on Count 4. The District Court's mandate did not include a direction to consider the sufficiency of the jury instructions or the verdict form. Thus, Carey's argument was foreclosed by the mandate rule and the District Court did not err in applying the statutory range for the offense of conviction at Count 4 as reflected by the judgment.

B.    Sentencing Challenge

We now address Carey's last remaining challenge. Carey presents multiple reasons why the District Court should not have added two points to his criminal history

score under U.S.S.G. § 4A1.1(b). We are not persuaded. Section 4A1.1(b) instructs the sentencing judge to "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days" but not "exceeding one year and one month." U.S.S.G. § 4A1.1(b), (a). After his original sentencing, but before his resentencing,[4] Carey was sentenced to an imprisonment range of 5 months to 11 months, 5 days for possession of a controlled substance by an inmate ("contraband sentence"). Two points were added to Carey's criminal history score due to the contraband sentence. The addition of these two points raised his criminal history score from three to five, and had the effect of increasing his Guidelines range term of imprisonment from 168–210 to 188–235.

Carey argues that the addition of two criminal history points violates the Ex Post Facto Clause because he was subjected to a greater punishment than he would have received at his original sentencing. U.S. Const. art. I, § 9, cl. 3. Carey did not make this argument at his resentencing, so we review only for plain error. United States v. Jackson, 132 F.4th 266, 272 (3d Cir. 2025). We conclude that the District Court did not err, let alone plainly err. Under the Ex Post Facto Clause, a defendant may not be subjected to a new law when that law punishes his crime of conviction more harshly than the applicable law at the time the crime was committed. Peugh v. United States, 569 U.S. 530, 539 (2013). Carey's argument fails because there was no new law that increased his Guidelines range. U.S.S.G § 4A1.1(b) was in effect at the time of Carey's original

---

[4]    His initial sentencing occurred on March 22, 2022. His resentencing took place on July 23, 2024.

sentencing and had not changed at the time of his resentencing.  U.S.S.G. § 4A1.1(b) cmt. backg'd.; see Peugh, 569 U.S. at 539.[5]

Carey also argues that the addition of the two points was improper because his contraband sentence was imposed after his original sentencing in this matter, and therefore, does not qualify as a "prior sentence" for the purposes of U.S.S.G § 4A1.1(b). Carey contends that the District Court erroneously relied on U.S.S.G. § 4A1.2 cmt. n.1 when determining that the contraband sentence qualified as a "prior sentence" because the application note does not specifically state that the term "prior sentence" encompasses sentences imposed prior to a resentencing.[6]

The plain language of § 4A1.2(a) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of

---

[5]    Carey also states in his briefing that the criminal history points should not have been added because "[d]ue process prohibits the imposition of a more severe sentence upon a defendant who successfully appealed his first conviction."  Opening Br. at 24. We note that it is unclear whether Carey intended this to be a separate argument than his Ex Post Facto Clause argument.  Carey also did not raise this argument at resentencing. Assuming that this is a separate argument, we see no plain error given that the premise of this argument is simply counterfactual:  Carey received a *lighter* sentence upon remand.

[6]    U.S.S.G. § 4A1.2 cmt. n.1 states that "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense."  We do not consider here whether the U.S.S.G. § 4A1.2 is ambiguous, nor do we rely on this commentary in our review.  United States v. McIntosh, 124 F.4th 199, 206 (3d Cir. 2024).
    Carey also argues that the prior offense had to occur up to ten years *before* the commission of the offense of conviction.  In support, Carey cites U.S.S.G. § 4A1.2(e)(2). The plain text of that section contradicts this argument as it provides for the imposition of prior sentence points when the sentence "was imposed *within* ten years of the defendant's commencement of the instant offense is counted." (emphasis added).

8

nolo contendere, for conduct not part of the instant offense." This straightforward text encompasses the contraband sentence and need not specifically state that the "prior sentence" includes those sentences imposed after the original sentencing, but before the sentencing on remand. Our reading is consistent with "the longstanding principle that sentencing courts have broad discretion to consider various kinds of information," codified by Congress in 18 U.S.C. § 3661. United States v. Watts, 519 U.S. 148, 151 (1997); 18 U.S.C. § 3661 (mandating that "[n]o limitation shall be placed on the information … consider[ed] for the purpose of imposing an appropriate sentence."). Moreover, the Supreme Court has noted that the "plain language of § 3661 makes no distinction between a defendant's initial sentencing and a subsequent resentencing after a prior sentence has been set aside on appeal" and has held that on remand for resentencing, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." Pepper v. United States, 562 U.S. 476, 490–91 (2011). We see no reason to apply a different interpretation for the District Court's consideration of a "[sentence imposed] since his prior sentencing" and conclude that the District Court correctly interpreted the term "prior sentence" to include Carey's contraband sentence.

Carey's remaining argument is that even if his sentence is a prior sentence, it is not a prior sentence of *imprisonment*. We do not address the merits here because, to the extent that any such error occurred, it was harmless. Accepting the premise of his argument as correct, Carey would have still received one criminal history point under § 4A1.1(c) (adding a criminal history point for "any sentence previously imposed upon adjudication of guilt."). That would have resulted in a total criminal history score of four

9

instead of five, and Carey would have remained in the same criminal history category of III.  His Guideline range would thus remain the same.  See United States v. Isaac, 655 F.3d 148, 158 (3d Cir. 2011).

III.    CONCLUSION

For the foregoing reasons, we will affirm.