# SUPREME COURT

OF

## WISCONSIN TERRITORY,

AT THE

### JULY TERM, 1847.

---

### OAKLEY and another vs. HIBBARD.

1. POWER TO GRANT A REHEARING. Where an appellate court of *last resort* has rendered and entered of record its final judgment or decree, the rights of the parties are concluded, and it has no power to rehear the cause.

2. APPEAL TO UNITED STATES SUPREME COURT. By the organic law of the Territory the sum or amount in controversy, as settled by the decree made, fixes the character or condition of the cause, as to whether an appeal can be taken to the supreme court of the United States.

After the decision in this case, 1 Pinney 674, a petition for a rehearing was filed by the complainants and appellees.

*Randall & Ogden,* for petitioners.

*Levi Hubbell, contra.*

MILLER, J. There are two questions which are to be considered on this application. The power of this court to review its own judgments and decrees, and the propriety of so doing in reference to the correctness of the decree proposed to be reviewed.

Although the court would at all times be willing to review its judgments and decrees, when they may do so with the sanction of authority, on the complaint of a party that the merits of the cause were not decided, yet, if it

is clear that they have not the power to do so in this or like causes, a rehearing must be refused. The supreme court of the United States have settled that "appellate power is exercised over the proceedings of inferior courts, not on those of the appellate courts. The supreme court has no power to review its decisions whether at law or in equity. A final decree in chancery is as conclusive as a judgment at law. 1 Wheat. 355; 6 id. 113, 116; 12 Pet. 492; 3 How. 426. Both are conclusive of the rights of the parties thereby adjudicated." This court is the *dernier resort*, in causes like the one presented, and we have no greater power in this cause than the supreme court of the United States can exercise in causes there presented. It is contended in argument that this cause is not within the rule laid down by the supreme court of the United States, for the reason that no mandate has issued from the supreme court of the Territory to the district court, therefore the cause is completely within the control of the appellate court, and may be reheard. This view is not entertained in the decisions cited. The principle settled is, that where an appellate court of last resort has made and entered of record its final judgment or decree the rights of the parties are concluded, and the court has no power to rehear the cause. It is also insisted that this court is not the court of *dernier resort* in this cause; that other claims against the appellant, than the one really in dispute in the cause resting upon the same basis, are alluded to in the complainants' bill. The real amount claimed by the complainant and for which a decree is asked in this cause, is much less than $1,000, and we are clearly of opinion that an appeal does not lie to the supreme court of the United States. By the organic law the sum or amount in controversy and which may be settled by the decree made, fixes the character of the cause as to whether an appeal lies or not to the supreme court of the United States. Claims incidentally alluded to in the bill and not brought in controversy to be decreed on, do not influence the question in the least. The case of *Green v.*

Oakley et al. vs. Hibbard.

*Biddle*, 8 Wheat. 377, where a rehearing was granted is not in point. That cause was taken to the supreme court, on a decision of opinion or the judges of the circuit court of the United States in the State of Kentucky on two questions. The defendant did not appear by counsel and no argument was heard in the supreme court on that side of the question. Before the opinion was certified to the court below, on the second or third day after the argument, a motion was submitted by Mr. Clay (as *amicus curia*) for the reason stated and the further reason that the rights and interests of a great number of possessors and improvers of land in Kentucky would be irrevocably determined by the decision in the cause ; to withhold the certificate of opinion from the circuit court and permit the cause to be fully argued, which was granted. The circuit court applied to the supreme court for advice and its opinion upon the questions submitted and certified, in order that a proper judgment might be entered upon the merits in the circuit court. This advice or opinion has no force or influence until sent forth to the circuit court, and indeed does not exist until certified in form to that court. The questions are therefore always before the supreme court for argument until they have finally settled upon and certified their opinion. If so, the supreme court might withhold the certificate for further argument and full opinion. We do not think this like a cause wherein the supreme court is required to pronounce a full and final decree or judgment. In such causes the supreme court has never granted a rehearing. With this view of the application for a rehearing, it is unnecessary to say any thing on the merits of the final order or decree made in this cause at the last term of this court.

The motion for rehearing upon the petition presented is overruled.