NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JORGE TAYLOR,**
*Plaintiff-Appellant,*

v.

**UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Defendant-Appellee.*

---

2010-1165

---

Appeal from the United States District Court for the Southern District of New York in No. 08-CV-8634, Judge Loretta A. Preska.

---

Decided: July 8, 2010

---

JORGE TAYLOR, of New York, New York, pro se.

RAYMOND T. CHEN, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for the Director of the United States Patent and Trademark Office. With him on the brief were THOMAS W. KRAUSE and JOSEPH G. PICCOLO, Associate Solicitors.

_____

Before RADER, *Chief Judge*, LOURIE and BRYSON, *Circuit Judges*.

PER CURIAM.

## DECISION

Appellant Jorge Taylor challenges the December 8, 2009, judgment of the United States District Court for the Southern District of New York. Pursuant to this court's mandate resolving Mr. Taylor's prior appeal, *Taylor v. U.S. Patent & Trademark Office*, 339 Fed. Appx. 995 (Fed. Cir. 2009), the district court directed the United States Patent and Trademark Office ("PTO") to refund Mr. Taylor's $1030 patent maintenance fee and, upon receipt of payment of all outstanding maintenance fees, to reinstate Mr. Taylor's patent, U.S. Patent No. 5,178,701. In this appeal, Mr. Taylor seeks to re-open the proceedings to adjudicate his original request, in the complaint, to be awarded $1 billion in damages from the PTO. Because the district court properly implemented this court's mandate, we *affirm*.

## BACKGROUND

On July 8, 2008, Mr. Taylor filed a complaint against the PTO, alleging that in 2001 the PTO had wrongfully accepted his fee of $1030 to maintain his patent, but then allowed his patent to expire without notifying him because his payment was deficient by $10. Mr. Taylor's complaint sought reimbursement of his $1030, with interest, and additional monetary damages in the amount of $1 billion, which was his estimate of the value of his intellectual property.

On October 9, 2008, the district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. The court found that PTO regulations do not provide a waiver of petition filing fees for indigent applicants, and that Mr. Taylor was therefore barred from challenging the expiration of his patent because he failed to pay the required $200 filing fee. The court further concluded that Mr. Taylor had not shown that the PTO's actions were "arbitrary and capricious" and thus had failed to show that he was entitled to relief under the Administrative Procedure Act.

On appeal from that decision, Mr. Taylor argued that the PTO violated the due process clause of the Fifth Amendment to the Constitution by taking "$1030 plus the patent protection . . . without informing plaintiff." Mr. Taylor further asserted that he "only asked for $1030 with interest and redress for [the PTO's] negligence as to the expiration of the patent for lack of payment." In his reply brief, Mr. Taylor noted that, while the PTO had returned his $1030, he "will not accept it without the proper bank interest." He also contended that "the USPTO expired the patent unlawfully and held the $1030 for 8 years to cash-in the interest thereof, plus whatever cash they may have gotten for their purposive-error (Many [corporations] are selling the invention without Mr. Taylor's permission, thanks to the USPTO)." Mr. Taylor further requested "the relief herein [asked] for and in the original petition."

This court reversed the district court's judgment. We held that the PTO had acted arbitrarily and capriciously in accepting Mr. Taylor's deficient payment, while simultaneously allowing his patent to expire without notifying him pursuant to section 2531 of the Manual of Patent

Examining Procedure that his payment was insufficient. *Taylor*, 339 Fed. Appx. at 998. This court noted with approval that the PTO had unilaterally decided to refund Mr. Taylor's $1030 payment. With respect to Mr. Taylor's patent, we further held:

> [T]he appropriate relief in this case is equitable. . . . In this case, equity would counsel that the PTO should reinstate Mr. Taylor's patent upon receipt of his payment for all outstanding maintenance fees. This relief will remedy, to this court's best estimation, the PTO's arbitrary and capricious actions.

*Id.* at 999. We therefore remanded to the district court "with instructions to enter judgment in accordance with this opinion." *Id.*

Upon receipt of the mandate, the district court entered an order directing the PTO to refund Mr. Taylor's payment of $1030 and to reinstate Mr. Taylor's patent upon receipt of payment for all outstanding maintenance fees. Mr. Taylor now appeals on the ground that the district court failed on remand to consider the merits of his claim for $1 billion in monetary relief.

## DISCUSSION

The "mandate rule" requires a district court to "follow an appellate decree as the law of the case." *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1356 (Fed. Cir. 2009), citing *Sibbald v. United States*, 37 U.S. 488, 492 (1838). In addition, the rule "forecloses reconsideration of issues implicitly or explicitly decided on appeal." *Amando v. Microsoft Corp.*, 517 F.3d 1353, 1364 (Fed. Cir. 2008). Determining what issues are decided on

appeal requires consideration of the scope of the judgment appealed from, and "[a]n issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived." *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1382-83 (Fed. Cir. 1999).

In this case, the district court's original judgment dismissed Mr. Taylor's claims in their entirety, as the court held that Mr. Taylor had failed to establish entitlement to any type of relief. Thus, the issue of Mr. Taylor's entitlement to $1 billion in monetary relief was plainly within the scope of the district court's original judgment from which he took his prior appeal. Mr. Taylor was therefore obligated to raise that issue in his opening brief on appeal if he wished to preserve that issue. However, his opening brief in that appeal contained no reference to the claimed $1 billion in damages, nor did it present any arguments in support of Mr. Taylor's claim of right to that remedy. Rather, his opening brief focused exclusively on recovering the "$1030 plus the patent protection" and stated that he "only asked for $1030 with interest and redress for [the PTO's] negligence as to the expiration of the patent." Mr. Taylor's reply brief in that case noted, in passing, that many large corporations "are selling the invention without Mr. Taylor's permission." However, that vague statement did not constitute an argument that the PTO should be required to pay damages to Mr. Taylor (let alone $1 billion in damages), nor did it address whether the district court even possessed the power to award such relief. The reply brief's plea for the relief requested "herein . . . and in the original petition" is likewise too ambiguous to constitute an argument that Mr. Taylor should be awarded $1 billion in damages. Mr. Taylor thus waived his right to argue his damages claim by failing to raise the issue in his initial appeal.

As in *Engel Industries*, Mr. Taylor's decision not to present arguments in support of his claim for $1 billion in monetary relief—an issue subsumed within the issue of his entitlement to relief—does not alter the fact that his claim was disposed of by the district court's original dismissal order and thus by this court's mandate on appeal. Although a district court may act on matters left open by the mandate, it "cannot give relief beyond the scope of that mandate." *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951 (Fed. Cir. 1997).

In our prior opinion, we noted that Mr. Taylor had broadly requested any relief deemed appropriate, yet we explicitly determined that "the appropriate relief in this case is equitable." *Taylor*, 339 Fed. Appx. at 999 (Fed. Cir. 2009). Specifically, we stated that Mr. Taylor's patent should be reinstated upon receipt of his payment for all outstanding maintenance fees—a remedy that did not entail any award of damages. Moreover, we held that "[t]his [equitable] relief will remedy . . . the PTO's arbitrary and capricious actions." *Id.* In concluding that the equitable relief would remedy the PTO's improper actions, we implicitly concluded that no additional relief was necessary or appropriate. *See Smith Int'l, Inc. v. Hughes Tool Co.* 759 F.2d 1572, 1577 (Fed. Cir. 1985) (mandate rule applies to issues "decided by necessary implication as well as those decided explicitly"). As such, the decision on Mr. Taylor's $1 billion damages claim has become final, and he is not entitled to any further proceedings in pursuit of that claim.

Contrary to Mr. Taylor's argument that "Reverse and Remand means that the entire complaint is back at the Trial Court calendar for further proceedings of the complaint," our mandate was specific and restrictive. We ordered a remand for the purpose of entering judgment,

not for reconsideration of the complaint or for additional proceedings on Mr. Taylor's claims. We left open no issues for the district court to resolve. Thus, while the trial court was permitted to enter judgment granting Mr. Taylor equitable relief (and a refund of his patent maintenance fee), as it proceeded to do, it was barred under the mandate rule from reexamining Mr. Taylor's claims on their merits or awarding any relief beyond the limited scope permitted by the mandate. The district court's order of December 8, 2009, was therefore clearly in accordance with our mandate.

If Mr. Taylor was dissatisfied with the relief accorded by this court's earlier opinion, he could have petitioned for rehearing or moved to recall the mandate. *See* James Wm. Moore et al., *Moore's Federal Practice* ¶ 134.23[3] (3d ed. 1997). Because he failed to seek any such relief in this court at the time of the initial appeal, he cannot now challenge the district court's compliance with our instructions on remand. Accordingly, we uphold the district court's December 8, 2009, order directing the PTO to refund Mr. Taylor's $1030 patent maintenance fee and to reinstate Mr. Taylor's patent upon receipt of his payment of all outstanding maintenance fees, but granting no further relief.

**AFFIRMED**