**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1584
_____

JASON KOKINDA,
Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; M. H. DIGGS,
(official/personal capacity); CHRISTOPHER H. OPPMAN, MBA, MHA
(official/personal capacity); PRISON HEALTH SERVICES INC, (official/personal
capacity); PATRICIA STOVER, (official/personal capacity); CORIZON HEALTH INC,
(official/personal capacity); PRISON HEALTH SERVICES CORRECTIONAL CARE
INC, (official/personal capacity); RHONDA HOUSE, (official/personal capacity);
SHAWN KEPHART, DSCS (official/personal capacity); JANE DOE #2, Doctor
(official/personal capacity); JANE DOE #4, Doctor (official/personal capacity); JANE
DOE #6, Dietician (official/personal capacity); JOHN DOE #2, chca (official/personal
capacity); JOHN DOE #4, (acting CHCA at time) (official/personal capacity); SUSAN
BERRIER, (acting CHCA at time) (official/personal capacity); JANE DOE #1,
(official/personal capacity); JANE DOE #3, Nurse (official/personal capacity); JANE
DOE #5, Nurse (official/personal capacity), JOHN DOE #1, DSCS (official/personal
capacity); JOHN DOE #3, (acting DSCS at time) (official/personal capacity);
JOHN DOE #5 (acting DSCS at time) (official/personal capacity); MICHAEL J.
HERBIK, (Medical Director)(official/personal capacity); JOHN DOE #7, (Medical
Director) (official/personal capacity); JOHN DOE #6 (Medical Director)
(official/personal capacity)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2:15-cv-01593)
District Court Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2016

Before: VANASKIE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed: October 7, 2016)
_____

OPINION[*]
_____

PER CURIAM

Jason Kokinda appeals the *sua sponte* dismissal of his civil rights lawsuit. We will affirm in part, vacate in part, and remand for further proceedings.

Kokinda, formerly a Pennsylvania prisoner, was housed at three prisons—SCI-Graterford, SCI-Camp Hill, and SCI-Fayette. After his release, he filed a civil rights lawsuit against the Pennsylvania Department of Corrections ("DOC"), three corporate prison-medical-services providers, and numerous employees of the DOC or the prison-services providers, in their official and individual capacities, claiming that they fed him a diet that contained soy despite knowing that he was allergic to it, which caused various maladies.

Because Kokinda was proceeding *in forma pauperis*, the Magistrate Judge screened his complaint pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge recommended dismissing—as improperly joined under Rule 20(a) of the Federal Rules of Civil Procedure—any claims involving events at SCI-Graterford and SCI-Camp Hill because those claims did not arise from the same occurrence, or series of occurrences, or

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

share common questions of fact, as the claims stemming from the events at SCI-Fayette, the only facility located within the jurisdictional territory of the Western District of Pennsylvania, where the case was filed.[1] In addition, the Magistrate Judge concluded that the SCI-Fayette claims must also be dismissed for the following reasons: (1) the Eleventh Amendment barred Kokinda's claims against the DOC and any of the individual Defendants in their official capacities; (2) Kokinda failed to state a claim under Title II of the Americans with Disabilities Act[2]; and (3) Kokinda failed to state a claim under 42 U.S.C. § 1985(3) and § 1986 because he did not allege discrimination on account of his race or any other class-wide ground for animus.[3]

The Magistrate Judge's report, however, did not address Kokinda's 42 U.S.C. § 1983 claims against the three corporate prison-medical-services providers or the Defendants sued in their individual capacities, alleging that the events at SCI-Fayette violated his First, Eighth, and Fourteenth Amendment rights. Nevertheless, the Magistrate Judge recommended dismissing Kokinda's entire complaint but allowing leave to amend to cure the noted deficiencies.[4] The District Court adopted the Magistrate

---

[1] *Kokinda v. Pa. Dep't of Corrs.*, No. 2:15-cv-1593, 2016 WL 695819, at *3 (W.D. Pa. Jan. 13, 2016).
[2] Kokinda does not challenge the dismissal of his ADA claim on appeal, and thus we will not address it here. *See Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 202–03 (3d Cir. 2004).
[3] *Kokinda*, 2016 WL 695819, at *3–6; *see also Griffin v. Breckenridge*, 403 U.S 88, 102 (1971); 42 U.S.C. § 1986 (establishing liability for persons who knew of and could have prevented the wrongs outlined in § 1985, but failed to do so).
[4] *Id.* at *6.

3

Judge's recommendation, over Kokinda's objections, and dismissed the entire complaint without prejudice, with leave to file an amended complaint.

Kokinda now appeals. We have jurisdiction over his appeal under 28 U.S.C. § 1291.[5] Our review of the District Court's order severing parties for failure to satisfy the joinder requirements of Rule 20 is for an abuse of discretion,[6] and our review of the District Court's dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim is plenary.[7]

The District Court did not abuse its discretion in finding that Kokinda improperly joined the claims related to the events at SCI-Graterford and SCI-Camp Hill with his claims related to the events at SCI-Fayette. A plaintiff may join defendants in an action if the plaintiff (1) asserts a right to relief arising from the same transaction or occurrence, and (2) his action will involve any question of law or fact common to all the defendants.[8] Kokinda did allege that each Defendant violated his constitutional rights in an identical way; thus questions of law, such as whether Kokinda could state an Eighth Amendment claim, may be common to all Defendants. However, as the District Court reasoned, Kokinda has not alleged that each Defendant was part of the same occurrence or series of

---

[5] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, where, as here, the plaintiff declares his intention to "stand on the complaint," the dismissal order becomes final and appealable. *Id.* at 952.
[6] *Hagan v Rogers*, 570 F.3d 146, 152 (3d Cir. 2009).
[7] *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[8] Fed. R. Civ. P. 20(a)(2)(A)–(B).

occurrences, or that common questions of fact exist. Rather, Kokinda alleged that he was housed at the three separate institutions at separate times, and that different officials at each prison independently violated his civil rights in the same way. "Simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder."[9] Therefore, the District Court did not err in dismissing the improperly joined claims from this lawsuit.

The District Court was also correct to conclude that the Eleventh Amendment barred Kokinda's claims against the DOC and its employees in their official capacities,[10] and that Kokinda's ADA claims fail because the ADA prohibits disability-based discrimination, "not inadequate treatment for the disability."[11] Finally, we agree that Kokinda failed to state a claim under 42 U.S.C. §§ 1985(3) and 1986. While Kokinda did allege that he was deprived of equal protection of the law due to the prison staff's "invidious discrimination against those with food allergies,"[12] the Court is not convinced that having such food allergies constitutes a class within the meaning of § 1985(3).[13] In

---

[9] *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (alteration in original) (quoting *Hard Drive Prods., Inc. v. Does 1-30*, No. 2:11cv345, 2011 WL 4915551, *3 (E.D. Va. Oct. 17, 2011)).

[10] *See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) ("[T]he Eleventh Amendment . . . has been interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court."); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).

[11] *Kokinda*, 2016 WL 695819, at *4 (quoting *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1101, 1022 (9th Cir. 2010)).

[12] Compl. ¶ 39.

[13] *Cf. Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) (rejecting a

5

any event, the Court need not address that issue because Kokinda defeated his own claim when he alleged elsewhere in the Complaint that the defendants failed to give him a soy-free diet, not due to invidious discrimination, but in order to "save a few bucks."[14]

However, the District Court erred in dismissing Kokinda's entire complaint without discussing the viability of his § 1983 claims against the private medical services providers and the individuals sued in their individual capacities, relating to the events at SCI-Fayette. We read his complaint to assert at the very least a conditions-of-confinement claim against two groups of Defendants. First, Kokinda's complaint alleged that the conditions of his confinement at SCI-Fayette—namely, that the individual officials there knowingly fed him a diet that contained soy despite knowing that he was allergic to it—violated his Eighth Amendment and Fourteenth Amendment rights.[15] Second, Kokinda alleged that the corporate medical-services providers adopted a policy to feed him, and other inmates, a diet containing soy despite knowing that he was allergic to it.[16] We will vacate the *sua sponte* dismissal of this claim against these two groups of Defendants and remand for the District Court to address Kokinda's allegations in the first

---

class of "women seeking abortion" because "[w]hatever may be the precise meaning of a 'class' for purposes of *Griffin*'s speculative extension of 1985(3) beyond race, the term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors"); *Farber v. City of Paterson*, 440 F.3d 131, 137 (3d Cir. 2006) (rejecting political affiliation as a protected class, noting that only "African-Americans, women, and the mentally retarded" have been so far recognized by this Circuit as classes within the meaning of § 1985).
[14] Compl. ¶¶ 20, 50.
[15] *Id.* ¶¶ 20, 37, 39; *see Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994).
[16] Compl. ¶ 46; *see also Monell v. Dep't. of Soc. Servs.*, 436 U.S. 690, 690–91 (1978);

instance.  We express no opinion as to the merit of these allegations.  In all other respects, we will affirm the District Court's judgment.

Accordingly, we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

---

*Woodward v. Corr. Med. Servs. of Ill.*, 368 F.3d 917, 927 (7th Cir. 2004).

7