**ALD-028**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3742
_____

JASON KOKINDA,
                                Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; MICHELLE DIGGS,
(Official/personal capacity); CHRISTOPHER H. OPPMAN, MBA, MHA
(official/personal capacity); PRISON HEALTH SERVICES INC, (official/personal
capacity); PATRICIA STOVER, (official/personal capacity); CORIZON HEALTH INC,
(official/personal capacity); PRISON HEALTH SERVICES CORRECTIONAL CARE
INC, (official/personal capacity); RHONDA HOUSE, (official/personal capacity);
SHAWN KEPHART, DSCS (official/personal capacity); JANE DOE #2; JANE DOE #4
Doctor (official/personal capacity); JANE DOE #6 Dietician (official/personal capacity);
JOHN DOE #2 CHCA (official/personal capacity); JOHN DOE #4 (acting CHCA at
time) (official/personal capacity); SUSAN BERRIER, (acting CHCA at time)
(official/personal capacity); JANE DOE #1 (official/personal capacity); JANE DOE #3
Nurse (official/personal capacity); JANE DOE #5 Nurse (official/personal capacity);
JANE DOE #1 DSCS (official/personal capacity); JOHN DOE #3 (acting DSCS at time)
(official/personal capacity); JOHN DOE #5 (acting DSCS at time) (Official/personal
capacity); MICHAEL J. HERBIK, (Medical Director) (official/personal capacity); JOHN
DOE #7 (Medical Director) (official/personal capacity); JOHN DOE #6 (Medical
Director) (official/personal capacity)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-01593)
District Judge:  Honorable Mark R. Hornak
_____

Submitted on a Motion for Summary Action and By the Clerk for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2019

PER CURIAM

Pro se appellant Jason Kokinda appeals the District Court's order dismissing his complaint. Appellee Susan Berrier has filed a motion to summarily affirm, which appellee Corizon Health, Inc. joined. For the reasons set forth below, we will grant the motion and summarily affirm the District Court's judgment. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Kokinda, formerly a Pennsylvania prisoner, filed a civil-rights lawsuit claiming, as relevant here, that prison officials at SCI–Fayette harmed his health by continually giving him food containing soy despite knowing that he was allergic to it. He raised claims under 42 U.S.C. §§ 1983, 1985, 1986, and the Americans with Disabilities Act (ADA). Approving and adopting a Magistrate Judge's report and recommendation, the District Court dismissed the complaint.

Kokinda appealed, and we affirmed the District Court's judgment in part and vacated in part. <u>See</u> <u>Kokinda v. Pa. Dep't of Corr.</u>, 663 F. App'x 156, 157 (3d Cir. 2016) (per curiam). We agreed with the District Court's dismissal of Kokinda's claims under

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

§ 1985, § 1986, and the ADA. See id. at 159. However, we concluded that the District Court had erroneously failed to consider two § 1983 claims: (1) that prison officials violated his Eighth Amendment rights by feeding him a diet containing soy; and (2) that corporate medical-services providers adopted a policy to feed him a diet containing soy despite knowing that he was allergic to it. See id. at 159–60. We therefore affirmed the District Court's judgment in large part, vacated the judgment as to those claims, and remanded for further proceedings. See id. at 160.

On remand, defendants Berrier (the acting Corrections Health Care Administrator) and Corizon (a private medical entity) filed motions to dismiss, which Kokinda opposed. A Magistrate Judge issued a report and recommendation concluding that Kokinda could not relitigate claims that we had rejected in the first appeal; that Kokinda's Eighth Amendment claim was effectively barred by principles of issue preclusion; and that, without a valid Eighth Amendment claim, his Monell[1] claim necessarily also failed. The District Court approved and adopted the report and recommendation and dismissed Kokinda's complaint. In the course of these proceedings, the District Court also denied Kokinda's motion to recuse.

After the District Court entered judgment, Kokinda filed a timely notice of appeal. In this Court, Berrier has filed a motion to summarily affirm, which Corizon has joined. Kokinda, in turn, has filed a motion for sanctions and a motion to stay.

---

[1] See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

3

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise a plenary standard of review. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). In reviewing a dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). We will summarily affirm the District Court's decision if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

We discern no error in the District Court's disposition of this case. At the outset, the District Court correctly concluded that, because we had affirmed the dismissal of Kokinda's § 1985, § 1986, and ADA claims, Kokinda was not entitled to relitigate those claims on remand. See United States v. Kennedy, 682 F.3d 244, 252 (3d Cir. 2012) ("Whatever was before the court, and is disposed of, is considered as finally settled. . . . [The District Court] cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded." (quoting Ex parte Sibbald v. United States, 37 U.S. (12 Pet.) 488, 492 (1838)); see also United States v. Smith, 751 F.3d 107, 122 (3d Cir. 2014); Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 203 n.13 (3d Cir. 2004).

Nor are we persuaded by Kokinda's arguments that the District Court improperly applied principles of issue preclusion to dismiss his Eighth Amendment claim. As the District Court explained, to make out an Eighth Amendment claim, Kokinda was required to show that the defendants fed him a diet containing soy with "deliberate indifference to

4

serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).[2] In a separate

action in the Western District, the District Court had previously granted judgment to

other defendants on this same Eighth Amendment claim on the ground that the summary-

judgment "record contains no objective evidence to support a finding that [Kokinda's

sensitivity to soy] was a serious medical need or was a threat to his health." W.D. Pa.

Civ. A. No. 16-cv-01303, ECF No. 173 at 16 & ECF No. 176, at 2 (adopting ECF No.

173 as the opinion of the District Court). The District Court here concluded that that

prior ruling on this issue precluded Kokinda from establishing a necessary element of his

Eighth Amendment claim. See generally Peloro v. United States, 488 F.3d 163, 175 (3d

Cir. 2007) (discussing non-mutual preclusion); Jean Alexander Cosmetics, Inc. v.

L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006) (listing requirements for issue

preclusion).[3]

On appeal, Kokinda challenges this determination primarily by arguing that the

District Court's ruling in the prior case is erroneous. However, such arguments are

misdirected, for "issue preclusion prevents relitigation of wrong decisions just as much as

[2] Kokinda has not objected to the District Court's decision to frame this as a medical-needs rather than condition-of-confinement claim. See Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011) (so construing similar claim); cf. Mendiola–Martinez v. Arpaio, 836 F.3d 1239, 1259 n.21 (9th Cir. 2016) (explaining that, under either theory, the plaintiff was required to show that the alleged deprivation "was sufficiently serious to trigger Eighth Amendment protection").

[3] Although issue preclusion is an affirmative defense, the District Court did not err in raising it sua sponte under the circumstances of this case, particularly since it provided Kokinda with notice and an opportunity to be heard before invoking this ground. See Arizona v. California, 530 U.S. 392, 412 (2000).

right ones." B & B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293, 1308 (2015) (quotation marks, alteration omitted); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Further, while Kokinda also stresses that he is currently appealing the decision in the prior case, a pending appeal does not vitiate the preclusive effect of a trial court judgment. See United States v. 5 Unlabeled Boxes, 572 F.3d 169, 175 (3d Cir. 2009); O'Leary v. Liberty Mut. Ins. Co., 923 F.2d 1062, 1066 n.6 (3d Cir. 1991). Accordingly, we see no error in the District Court's disposition of this claim.[4]

Nor did the District Court err in denying Kokinda's motion to recuse. Kokinda's motion was premised largely on his belief that the District Court wrongly denied him relief, but "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Although we recognize that Kokinda has asserted various other allegations of misconduct, those allegations are entirely unsupported.

We close with a comment about Kokinda's brief. In C.A. No. 18-2735, we struck Kokinda's brief, which we characterized as "replete with abusive and insulting language." His brief in this case is similarly intemperate and inflammatory. If Kokinda persists with filing such materials in future cases, we advise him that the documents may be struck and other sanctions may be imposed.

---

[4] Further, the conclusion that Kokinda's underlying constitutional claim lacks merit is fatal to his Monell claim. See Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

6

We will affirm the District Court's judgment.  The appellee's motion to summarily affirm is granted, and Kokinda's motions for sanctions and to stay are denied.